IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KINGDOM INSURANCE GROUP, LLC, et al., | : |
| | : |
| Plaintiffs, | : |
| | : Civil Action No. |
| v. | : 7:10-cv-79 (HL) |
| | : |
| UNITED HEALTHCARE INSURANCE COMPANY, et al., | : |
| | : |
| Defendants. | : |
| _____ | : |

## ORDER

Before the Court is the motion to dismiss or, in the alternative, to transfer (Doc. 12) filed by the Defendants Protectors Insurance & Financial Services, LLC and Messrs. David Harris, Jerry Boles and Howard Jefferson (referred to as "Protectors and the individual Texas Defendants"). Protectors and the individual Texas Defendants ask the Court to dismiss the case against them for lack of personal jurisdiction and because the complaint fails to state a claim. Alternatively, they argue that venue is proper in the Southern District of Texas. Also before the Court is the motion to dismiss for failure to state a claim filed by Defendant United Healthcare Insurance Company ("United"), Richard Frommeyer, and James Bletzer (Doc. 13).

For the following reasons, the motion to transfer and to dismiss (Doc. 12) is granted in part and denied in part. The Court grants the request to transfer the case, but expresses no opinion on whether the complaint satisfies the pleading standards set out in the Federal Rules of Civil Procedure. The motions to dismiss remain active

motions and transfer with the case.

I.      **Factual and Procedural Background**

Plaintiffs are insurance brokerage firms named Kingdom Insurance Group, L.L.C., Kingdom Business Services, L.L.C., KingdomCare, L.L.C ., and Kingdom Benefits Association, L.L.C., (collectively "Kingdom"). Kingdom sells senior life and health insurance products.

In the complaint, Kingdom alleges that in 2007 it entered into a contract with the insurance carrier, United. The contract terms required Kingdom to market and sell United's products and in exchange United was required to pay Kingdom commissions according to a marketing and sales hierarchy. The marketing and sales hierarchy consisted of field marketing organizations, insurance agencies, and agents. The purpose of the hierarchy was to create a large network of agents and agencies to sell United's products. For each sale of its product or the enrollment of a beneficiary, United paid a commission. The total commission payout was divided among the members of the hierarchy.

After Kingdom contracted with United and became part of United's hierarchy Kingdom expanded its network of agents and agencies to sell United's products. As part of the expansion effort Kingdom brought Protectors into the hierarchy. It solicited Protectors in Texas and instructed Protectors to contact Kingdom's agent, Ms. Shana Clark, in Dallas. Further contract negotiations between Kingdom, Protectors, and the individual Texas Defendants occurred in Texas.

On July 9, 2008, Protectors entered into a contract with United where Protectors agreed to sell United's products and United promised to reimburse Protectors according to the marketing and sales hierarchy. The contract acknowledged that Protectors fell below Kingdom in the hierarchy.

Kingdom and Protectors then entered into a broker agreement where Protectors acknowledged that it would receive commissions according to the hierarchy and agreed that it fell below Kingdom in the hierarchy. Protectors and the individual Texas Defendants traveled to Georgia on one occasion to discuss their agreement with Kingdom.

The complaint alleges the Defendants did not perform under the agreements because they wrongfully excluded Kingdom from marketing efforts and potential sales of United's products. Specifically, Protectors sold United's products to National Baptist Convention members in Texas and did not include Kingdom in the marketing and sales processes. As a result, Kingdom no longer fell above Protectors in the hierarchy. Ultimately, when United products were sold United did not pay Kingdom commissions.

The complaint also alleges that Kingdom developed ancillary products to sell to National Baptist Convention members. Because it was excluded from marketing and sales efforts to the National Baptist Convention members, Kingdom was unable to sell its ancillary products and it lost revenue.

Kingdom seeks to recover damages for breach of contract as well as under

other tort and equitable theories.

## II. Discussion

Protectors and the individual Texas Defendants assert that the Court should transfer venue pursuant to 28 U.S.C. § 1404(a) or § 1406(a). They claim that the Southern District of Texas is a more convenient forum, if not the only forum, for this lawsuit and therefore, the Court should transfer venue. Kingdom contends that the Southern District of Texas is not a more convenient forum, that venue is proper in this District, and its decision to bring suit in Georgia should be given deference.

### A. Legal Standard

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the discretion of the Court to transfer a case to another district, but it must consider convenience and fairness. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L.Ed.2d 22 (1988). The movant has the burden to establish that its proposed forum is more convenient. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). Unless the balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). Factors to be considered in determining whether to transfer are:

(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts: (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005).

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such as to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For a diversity case where the defendants do not reside in the same state venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2). Venue is also proper in the "judicial district in which any defendant is subject to personal jurisdiction . . . if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3).

Venue in this Court is certainly questionable, but the Court need not make a definitive ruling on whether it is proper. The Court chooses to transfer venue pursuant to § 1404(a)–for convenience and the interests of justice–rather than for improper venue pursuant under § 1406.

**B.  Application**

To transfer a case pursuant to § 1404(a), the Court must first determine

whether this case "might have been brought" in the Southern District of Texas. It is clear that the Southern District of Texas has personal jurisdiction over the Defendants. United consents to the transfer, so any personal jurisdiction defense it may have is waived. As for the rest of the Defendants Protectors is registered to do business in Texas and is a Texas business, and the individual Texas Defendants reside in Texas.

The next question that must be answered is whether the "convenience of parties and witnesses" and "the interest of justice" weigh in favor of the requested transfer." Here, Kingdom's choice of forum weighs against transfer. Kingdom argues that its witnesses and offices are in Georgia making Texas an inconvenient forum. It also asserts that the Protectors and the individual Texas Defendants did not demonstrate that litigating in Georgia would be impossible. Alternatively, Kingdom argues that the factors do not favor either side and that transferring would only shift the inconvenience of litigation from one party to another.

The Court disagrees with Kingdom. Other factors weigh in favor of transfer, including that the majority of Kingdom's claim arose in Texas, Kingdom has offices in Texas, a key third party witness (an agent of Kingdom) resides in Texas, personal jurisdiction over the Texas Defendants in Georgia is uncertain, and Texas law may govern the action. Important is that the plaintiff's forum choice is a factor that "has minimal value, or should be given less consideration . . . where none of the conduct complained of occurred in the forum selected by [the plaintiff] . . . ." Eagle N. Am.,

Inc. v. Tronox, LLC, 2008 WL 1891475, at * 5 (S.D. Ga. April 29, 2008) (citation ommitted). "[A] plaintiff's choice of forum is afforded less weight if the majority of the operative events occurred elsewhere." Great Am. E & S Ins. Co. v. N. Seattle Comm. College Foundation, 2009 WL 2912908, at * 4 (M.D. Ga. Sept. 2, 2009) (citation omitted). Here, since the complained of conduct is that the Texas Defendants ousted Kingdom out of the policy and product sales to Baptist Convention members in Texas, Kingdom's choice of forum receives less deference.

Additionally, a transfer to Texas will obviate the need for litigation in this Court concerning personal jurisdiction. It is worth noting that it is doubtful that the Court has personal jurisdiction over Protectors because Kingdom sought out Protectors to sell insurance products in Texas and the performance and breach of the contract mostly occurred in Texas. As for the individual Texas Defendants, it appears they never entered Georgia to transact business individually or committed an injury in the state. There appear to be too few minimum contacts with Georgia to satisfy the Court that the exercise of personal jurisdiction is proper.

In sum, Protectors and the indivdiualTexas Defendants have met their § 1404(a) burden by showing that the Southern District of Texas is the more convenient forum for the parties and witnesses, and that the interests of justice are served by the transfer.

### III. Conclusion

The motion to transfer (Doc. 12) is granted. The case is transferred to the

United States District Court for the Southern District of Texas, Houston Division. Pending motions to dismiss the complaint are active and are transferred with the case.

**SO ORDERED**, this the 31st day of May, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

8